# Tallman *v.* Edwards, Appellant.

*Lease—Option to sell—Evidence—Province of jury—Contract.*

An owner of a lease gave to another person a written option to purchase the same for an amount stated, the option to terminate at a certain hour on a day mentioned. In addition to the price stipulated the purchaser was to pay for certain professional services in connection with the transfer of the lease. There was no provision requiring a formal acceptance of the option. There was evidence that there was a subsequent parol agreement by which the price for the lease was reduced. Thereafter a second agreement in writing was executed which recited that the owner of the lease had assigned and transferred the same to the purchaser. This paper further recited that if the purchaser should obtain a new lease from the owner satisfactory to him, the seller of the lease would deliver possession on or before a day stated. There was no evidence of any actual formal assignment. The reduced purchase price was paid, possession was delivered, but the purchaser refused to pay for the professional services. The seller of the lease was compelled to pay for these services. *Held,* that the case was for the jury to determine whether the subsequent parol and written agreements were not mere modifications of the original option, and whether the purchaser was not bound for the professional services as stipulated in the option.

Argued Oct. 9, 1906. Appeal, No. 92, Oct. T., 1906, by defendant, from judgment of C. P. No. 4, Phila. Co., Sept. T., 1903, No. 2,844, on verdict for plaintiff in case of Jackson M.

Tallman v. Charles B. Edwards, trading as Charles B. Edwards & Company. Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ. Affirmed.

Assumpsit to recover for fees which plaintiff was compelled to pay. Before CARR, J.

The court charged as follows :

Gentlemen of the jury : This suit is founded, in the first place, upon the provisions of the lease by the owners of premises 919 Market street to Tallman, and one of the provisions was that no assignment or transfer of the leasehold interest of Tallman should be made without the assent of the owners. Upon January 12, 1903, Tallman had a four years' leasehold interest, and he agreed to sell it to Edwards, and gave an option to Edwards under that date that Edwards should buy the leasehold interest upon certain terms, and one of the terms or provisions of the exercise of the option was that Edwards should secure the assent and approval of the owners, Large and Mifflin, to an assignment or transfer from Tallman to Edwards, and the consideration of the assignment or transfer was $2,500.

There was also a provision that a payment of the fees for the negotiations charged by the real estate agents, Gummey & Sons, should be paid by Edwards. Now what happened? Pursuant to his contract and arrangement Edwards went to the owners, but found that he could not secure from them an approval or assent of the transfer or assignment under the terms of the lease unless he paid something additional to the rent then being charged Tallman. So Edwards returned to Tallman and said : " I cannot pay you $2,500. I can only pay you $2,000, for the reason that the owners are going to ask me more rent than they asked you." Here is the question of fact for you to decide, did the agreement or option of January 12, 1903, then become absolutely null and void ? If you believe that as a matter of fact that agreement did become absolutely null and void, then the defendant in this case is not responsible, and your verdict should be for him. If, on the other hand, you believe in what happened after that, the vitality of the agreement of January 12 remained in force and the parties were still acting and operating under its terms, and that they

subsequently made the agreement of January 21 merely to modify and change the amount of $2,500 to $2,000, and the stipulation as to the payment of Gummey & Sons still remained in force, then your verdict should be for the plaintiff. Consider, then, what happened as bearing upon the point of the abandonment of the agreement of January 12. You will find that in the paper signed on January 21, the statement is made that Tallman has transferred and assigned all his right, title and interest in the leasehold interest that he held. When did he assign it? [There was no other assignment made except that of January 12, 1903, which was an option to purchase, and which subsequently, if you believe the evidence here, was exercised by Edwards, so that that became an effective assignment in the law of his interest.] [2]  On the other hand, the defendant contends that the language as there used does not mean to indicate or say that the terms or provisions of the agreement or option of January 12 were still in force. If you believe that contention, of course your verdict should be for the defendant. On the other hand [if you believe the language used in the agreement of January 21 indicates or shows that the terms and provisions of the option of January 12 were in force and that meant that the defendant was to pay the Gummey charges, then you should find for the plaintiff]. [1]

I am requested by the defendant to charge you as follows:

1. Under all the evidence in this case your verdict should be for the defendant.

That point is refused. [3]

Verdict and judgment for plaintiff for $170.25. Defendant appealed.

*Errors assigned* were (1–3) above instructions, quoting them.

*Bernard Gilpin*, with him *Atrhur Sellers*, for appellant, cited: Gould v. Ins. Co., 134 Pa. 570 ; McMillan v. Phila. Company, 159 Pa. 142.

*H. B. Patton*, of *Staake & Patton*, for appellee.

OPINION BY HEAD, J., December 10, 1906 :

In January, 1903, at the inception of the negotiations out of which this case arises, Jackson Tallman, the plaintiff, was

.the owner of an estate for years in certain premises on Market street in the city of Philadelphia. This estate he had acquired by a lease from the owner, the unexpired term of which at the time aforesaid, was about four years. The annual rent reserved in said lease was $6,000. By a provision in the lease the tenant was forbidden to sublet or assign his lease without the consent of the owner. Charles B. Edwards, the defendant, being anxious to secure this estate of the plaintiff, obtained from him a written option in which it was agreed that the defendant might purchase all the right, etc., of the plaintiff in the existing lease, " the said option to terminate at three o'clock on the afternoon of Monday, January 19th, 1903." The consideration for the assignment of said lease was to be payment of $2,500 in cash to the plaintiff, and the further payment by the defendant of " any charge for professional services made by J. M. Gummey & Sons (the agents of the owners) in connection with the transfer of said lease." It is important to observe that this agreement contains no provision requiring a formal acceptance of the option by the defendant, and is therefore silent as to the manner or form in which the fact of acceptance should be indicated. Under such circumstances the defendant could formally accept in writing or verbally, or such acceptance could be as certainly, although informally, indicated by a course of conduct by the parties which would naturally and rationally lead to the conclusion that they mutually understood and dealt with the situation as one in which the fact of acceptance was conceded by both. Manifestly, therefore, when a dispute arose between them as to whether there had been an acceptance at all of this option, whether the terms of it had been subsequently modified by parol, and whether after being so modified it had been accepted, all these questions became questions of fact to be found by a jury under all the evidence.

Armed with this option the defendant then sought, with the aid of Gummey & Sons, to secure the consent of the owner to the proposed transfer. After some time expended in this effort he learned that he could not obtain the necessary consent unless he would agree to pay to the owner, in addition to the rent reserved in the plaintiff's lease, certain municipal taxes. He then met the plaintiff and, according to the testimony of

the latter, informed him of this fact and also that the bill of Gummey & Sons would be $150. By reason of these additional burdens which his tenancy must carry, he declared his unwillingness to pay to the plaintiff as much as $2,500, but offered to pay him $2,000. The plaintiff agreed to accept it. Just when this parol agreement was made the evidence does not disclose. It may have been made on or before January 19; between that date and January 21, or on the last named day.

The agreement of January 12, contained a simple stipulation that if the deal went through the plaintiff would deliver possession of the premises to the defendant on or before May 1, 1903, without any provision to summarily enforce such a covenant. On January 21 a second agreement in writing was executed. This agreement first recites in due form that " the party of the first part (the plaintiff) for and in consideration of the sum of two thousand dollars, has assigned, transferred and set over to the said party of the second part (the defendant), all his right, title, etc.," in the premises, and then goes on " Now therefore it is agreed, etc.," that if the defendant should obtain a new lease from the owner satisfactory to him the plaintiff would deliver possession on or before May 1, and concludes with a warrant of attorney authorizing the entry of an amicable action of ejectment for the premises, the confession of a judgment therein without stay of execution, and a waiver of the right of appeal.

This paper considered by itself contains no words of a present assignment or transfer, no covenant on the part of the plaintiff to do any such thing in the future, and no promise on the part of the defendant to pay any money at any time. It recites both the assignment and the payment of the money as things already done. Its sole covenant is but an amplification of the previous one on the part of the plaintiff to deliver possession, to which is added a summary remedy for its enforcement. We think, therefore the learned trial court was right in holding that it should be construed as supplemental to rather than as a substitute for the agreement of January 12.

The plaintiff, therefore, contends that he undertook to transfer and convey to the defendant his estate for years in consideration of the payment by the latter of $2,500 in cash and the bill of Gummey & Sons, which it is agreed was $150. That

some time later the defendant sought and was granted a reduction in the first item, but that he neither asked for nor received any release of his promise as to the second item.  That the option as thus modified was accepted; that he has fully performed his covenants both as to the transfer of his estate and the delivery of possession, but the defendant, although he has paid the plaintiff the $2,000 in cash due him, has refused to pay the bill of Gummey & Sons which the plaintiff, therefore, was required to pay.  The defendant contends that the option of January 12 was never either modified or accepted but became entirely dead and without force at the time named in it.  That the subsequent parol arrangement reducing the price to $2,000 and the written contract of January 21, were wholly independent of and without any relation to the earlier contract and represent the entire and only agreement of the parties.

Had the option provided for its own extinguishment on January 19, unless then converted into an agreement by a written notice of acceptance; or even if the undisputed evidence showed that the parol agreement which both admit was made after the expiration of the option, this position might be tenable.  But under all the evidence, as it appears in the record we cannot but conclude that the learned trial court was right in submitting to the jury the question whether or not the original option was modified by parol and, as thus modified, was accepted.  The manner of the submission left nothing for the defendant to complain of.

The argument of the learned counsel for the appellant that the lease of the plaintiff never was actually assigned is without merit.  True, there never was a formal written assignment.  It was not demanded and apparently not deemed important.  The lease itself was in fact handed over to the defendant, the plaintiff received the money therefor, except the small item herein sued for, vacated the premises and installed the defendant in possession.  These things were regarded by the parties as a satisfactory performance of his covenant to assign.  They leave the defendant in the quiet and secure enjoyment of the estate he bought and would render wholly futile any attempt of the plaintiff to dislodge him.

The assignments of error are overruled and the judgment is affirmed.